# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY TURLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-377-MJR |
| | ) |
| **DONALD A. HULICK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff filed the instant complaint on May 27, 2008, along with a motion to proceed *in forma pauperis* (Docs. 1, 2). On June 10, 2008, the Court granted Plaintiff's IFP motion (Doc. 4). The Court assessed the payment of an initial partial filing fee and directed that monthly payments be made towards the filing fee from Plaintiff's prison account. *Id.* This case is now before the Court, *sua sponte*, to reconsider Plaintiff's pauper status.

**DISCUSSION**

Title 28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief my be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is out of luck in so far as proceeding IFP, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed IFP must determine whether the prisoner has accumulated 3 or more prior "strikes." If so, the prisoner cannot proceed IFP (unless he alleges that he is under "imminent danger of serious physical injury"). Because § 1915(g) operates to prevent an action from being "brought" if the prisoner has "on . . . *prior* occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's IFP analysis. Although § 1915 does not define the point at which an action is "brought," Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." It is axiomatic that a civil action is "brought" when the action is "commenced" under Rule 3. Thus, a civil action is "brought" for purposes of § 1915(g) when a complaint is filed with a court.

As noted above, the instant complaint was filed on May 27, 2008. Consequently, this Court must examine any dismissals occurring prior to that date in any of Plaintiff's other civil actions. In reviewing Plaintiff's prior litigation, the Court has found three cases in which Plaintiff had a complaint or portion of a complaint dismissed prior to January 3, 2008. The cases are: *Turley v. Cowan*, Case No. 01-cv-188-MJR (S.D. Ill., filed March 26, 2001); *Turley v. Smith*, Case No. 02-cv-4592 (N.D. Ill., filed June 27, 2002); *Turley v. Catchings*, Case No. 03-cv-8492 (N.D. Ill., filed Dec. 3, 2003).

In *Turley v. Cowan*, this Court found that Plaintiff had failed to state a claim regarding his conditions of confinement ("limited access to showers and outdoor exercise, his monthly state pay

is limited to $6.00, the ventilation in his living unit is inadequate, and he has no cable television"); nor did he state a claim with respect to the timely processing of his grievances (*see* Doc. 7, filed Feb. 20, 2002). Although this Court allowed another claim asserted by Plaintiff to go forward, the dismissal of these two claims counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike one.

In *Turley v. Smith*, the Northern District found that Plaintiff had failed to state a claim against several defendants who had "heard and denied his grievances" with respect to medical care (*see* Doc. 7, filed June 27, 2002). Again, even though the Northern District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George,* 507 F.3d at 607-08; *Bouriboune,* 391 F.3d at 855. This is strike two.

In *Turley v. Catchings*, the Northern District found that Plaintiff had failed to state a claim with respect to placement in investigative status for 30 days; he also had stated not claim against several defendants who were sued solely in their supervisory capacity (*see* Doc. 7, filed Dec. 15, 2003). Although the Northern District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike three.

Because these dismissals count as strikes, Plaintiff has "struck out." A review of Plaintiff's fact allegations in the instant action do not indicate that he is under "imminent danger of serious physical injury." Consequently, Plaintiff may not proceed IFP.

**IT IS HEREBY ORDERED** that Plaintiff's leave to proceed *in forma pauperis* is **REVOKED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 14th day of August, 2008.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**