IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY TURLEY, #N-08083, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08-cv-0377-MJR |
| vs. | ) |
| | ) |
| DONALD HULICK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

<u>Introduction and Procedural Background</u>

Plaintiff Turley, an inmate in the Menard Correctional Center, filed this action under 42 U.S.C. § 1983 in May 2008. On June 10, 2008, the undersigned Judge granted Turley's motion for leave to proceed in forma pauperis (ifp). On August 14, 2008, however, the Court revoked Plaintiff's ifp status after determining that he already had "three strikes" under 28 U.S.C. § 1915(g). That determination was made using the method of assessing strikes which was employed at that time (counting dismissed *claims* as well as dismissed *actions* as strikes).

In the Order revoking Plaintiff's ifp status, the Court directed Plaintiff to pay the $350 filing fee within 15 days or face dismissal of his suit. Plaintiff did not do so. Instead, on September 2, 2008, Turley appealed the August 14, 2008 Order to the United States Court of Appeals for the Seventh Circuit. He prevailed on appeal.

In December 2010, the Seventh Circuit reversed this Court's ifp ruling and remanded the case, relying on a November 2010 opinion holding that strikes should be assessed only where the

1

entire action is dismissed under § 1915A, instead of when a part of the action is dismissed. *See Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010). Because Plaintiff did not have three strikes, he was not precluded from bringing this lawsuit. The Seventh Circuit mandate was received and docketed on December 27, 2010.

Two weeks later, this Court granted Turley ifp status (see Order at Doc. 24). So this lawsuit comes now before this Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. That statute provides, in pertinent part:

> **(a) Screening.**B The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal.**B On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaintB
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation. Review begins with Turley's allegations.

### Summary of Plaintiff's Allegations

From June 2 to July 21, 2006, Menard Correctional Center was subject to a lockdown, and all inmates were confined to their cells for the 49-day period. Defendants Meek, Hulick, Ramos, and Conder instituted the lockdown after a fistfight broke out between inmates. A prison-wide shakedown occurred between June 3 and June 16 to search for contraband, although

2

the lockdown continued even after the contraband search ceased. During this lockdown period, Plaintiff was allowed one shower a week, and visiting and yard privileges were suspended. As a result, Plaintiff's health began to decline. He suffered from pain in a severely arthritic left knee as well as severe constipation, which he attributes to inactivity.

In May 2000, Plaintiff's security classification was elevated to maximum security in retaliation for grievance filing. Plaintiff was listed as an escape risk and had several events of escape documented in his file. In February 2007, Defendant Spiller amended Plaintiff's file to state that he had not escaped from prison but that he had attempted to run from a courtroom. Plaintiff then filed a grievance challenging Defendant Spiller's publication of this false information in Plaintiff's file, requesting that his classification status be lowered back to medium security. The grievance was denied by Defendants Murray and Hulick, and it was denied on appeal by Defendant Fairchild.

On an unspecified date, Plaintiff requested a transfer to a level 2 medium security facility, which was denied by Defendants Kellerhouse, Spiller, Ohlau, Murray, Conder, Ramos, Hulick, Fairchild, and John Does. The change in security status, denial of grievances, and the denial of a transfer were in retaliation for filing grievances and lawsuits against the prison staff.

On March 20, 2007, Defendants Mitchell and G. Rednour conspired with Defendants Hulick, Ramos, Conder, Broshears, Cowan, and Fairchild to subject Plaintiff to a cell shakedown, to intimidate Plaintiff into ceasing the filing of grievances. Plaintiff was issued a disciplinary report after Defendants Mitchell and G. Rednour confiscated another inmate's grievance that Plaintiff intended to use as evidence in a pending lawsuit. At the disciplinary hearing held April 2007, Plaintiff was found guilty by Defendant Mitchell and sentenced to

segregation, although Defendant Broshears was the officer originally in charge of the hearing. Defendant D. Rednour knew that Plaintiff's infraction was relatively minor, but still allowed him to be placed in segregation. Plaintiff also sent documentation of the hearing and asked Defendants R. Cowan and Hulick to investigate the actions of the other Defendants, but no investigation was conducted.

Plaintiff finally notes that the Defendants named herein who hold administrative positions were promoted by Defendant O'Donnell. Defendant O'Donnell was made aware that these Defendants were unqualified to hold their positions, and as a result of O'Donnell's lax practices, Plaintiff has suffered physical and mental injuries.

**Analysis**

To facilitate the orderly management of future proceedings in this case, and in accord with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court organizes the claims in Plaintiff's *pro se* complaint and related pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and Orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 -- Eighth Amendment**

As noted above, Plaintiff alleges that in June 2006 Defendants Meek, Hulick, Ramos, and Conder instituted a 49-day lockdown of the prison, during which time Plaintiff was confined to his cell. Plaintiff claims that as a result he experienced health problems, including pain in a severely arthritic left knee and severe constipation due to inactivity.

The Eighth Amendment prohibiting cruel and unusual punishment applies to the states

through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010); *Knight v, Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*see Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

While the Seventh Circuit has stated that long periods in which exercise is denied can amount to cruel and unusual punishment, a period of 49 days does not qualify as an unconstitutionally long period. *See Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001)(six-month denial of exercise because of prison lockdown was serious deprivation); *Pearson v. Ramos*, 237 f.3d 881, 884 (7th Cir. 2001) (denial of out-of-cell exercise for more than 90 days can constitute cruel and unusual punishment). Plaintiff fails to show that a 49-day lockdown in which he was denied yard exercise and other privileges exceeds the "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).

This count for cruel and unusual punishment against Defendants Meek, Hulick, Ramos, and Conder is dismissed with prejudice.

### Count 2 -- Retaliation

Plaintiff alleges that in May 2000 an unnamed party altered Plaintiff's security level so that his master file stated that Plaintiff was a maximum security prisoner. Then, in February 2007, Defendant Spiller update Plaintiff's file to falsely state that Plaintiff attempted to escape from a courtroom while he was in custody. At some unspecified date thereafter, Plaintiff requested to transfer to a medium security facility, but Defendants Kellerhouse, Spiller, Ohlau, Murray, Conder, Ramos, Hulick, Fairchild, and John Does ensured that this transfer was denied. Plaintiff further contends that Defendants Mitchell and D. Rednour performed a shakedown of Plaintiff's cell at the direction of Defendants G. Rednour, Hulick, Ramos, Conder, Broshears, Cowan, and Fairchild. Plaintiff claims that all these actions were taken in retaliation for Plaintiff's exercise of his right to file grievances.

Even though some of these allegations would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, they *are* actionable under § 1983. *See Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper."); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995)(retaliatory discipline).

Plaintiff alleges that the actions listed above were taken by the Defendants in an attempt to retaliate against Plaintiff's writing of grievances, a protected right. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the protected right and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Plaintiff has specified that a protected right, his right to file grievances, was impeded by the retaliatory actions of Defendants Mitchell, D. Rednour, Kellerhouse, Spiller, Murray, G. Rednour, Hulick, Fairchild, Ohlau, Conder, Ramos, and John Does. Again, even though some of the actions taken by the Defendants would not alone rise to claim status, if they were taken in an attempt to retaliate against Plaintiff's First Amendment rights, they are in fact actionable. Therefore, this count against Defendants Mitchell, D. Rednour, Kellerhouse, Spiller, Murray, G. Rednour, Hulick, Fairchild, Ohlau, Conder, Ramos, and John Does survives threshold review.

**Count 3 -- Due Process**

Plaintiff next contends that although Defendant Broshears was technically "in charge" of his disciplinary hearing, ultimately Defendant Mitchell found Plaintiff guilty and sent him to segregation. Plaintiff claims that this amounts to a violation of due process. Prison disciplinary hearings satisfy due process requirements where an inmate is provided : (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before

8

an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution nor correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Plaintiff does not allege that he failed to receive written notice, could not appear before an impartial body, was not allowed to call witnesses, or did not receive a written statement containing reasons for his discipline. Instead Plaintiff complains that Defendant Mitchell found him guilty instead of Defendant Broshears. Because Plaintiff fails to allege that he was not afforded all that due process requires out of a disciplinary hearing, this count against Defendants Mitchell and Broshears merits dismissal with prejudice.

**Count 4 -- Failure to Protect**

Finally, Plaintiff asserts that Defendants D. Rednour, R. Cowan, and Hulick knew that Plaintiff's infraction was relatively minor but still allowed him to be placed in segregation. Plaintiff also alleges that Defendant O'Donnell was made aware that the Defendants herein named were unqualified to hold their positions, but O'Donnell refused to remove the Defendants from their positions.

Plaintiff apparently believes that any prison employee who knows (or should know) about his problems shoulders a duty to fix those problems. That theory directly conflicts with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).

>As Chief Judge Easterbrook has stated:
>
>Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results]. That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff does not allege in this count that Defendants Hulick, R. Cowan, D. Rednour, and O'Donnell are personally responsible for the actions that have befallen him. Instead, Plaintiff complains that these Defendants did not curb the actions of others. This Court is not willing to impose a duty on these Defendants to ensure that other actors are doing their jobs. Instead, a Defendant is responsible for his or her own misdeeds, and because Defendants Hulick, R. Cowan, D. Rednour, and O'Donnell committed no misdeed themselves, this count is dismissed with prejudice.

**Unnamed Parties**

Although Plaintiff lists Defendant Morris in the caption of his complaint as a party, he has not alleged any facts against Defendant Morris in the remainder of the complaint. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to

10

associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff has not associated any claims against Defendant Morris. Defendant Morris has not been put on notice of any complaints Plaintiff may have against him. As such, Defendant Morris is dismissed from this action without prejudice.

**Pending Motions:**

On February 2, 2011 Plaintiff filed a motion with this Court seeking a threshold screening of his complaint (Doc. 25). Because this screening is being conduct by way of this order, this motion is **DENIED** as moot

**Disposition:**

**IT IS HEREBY ORDERED** as follows:

Defendants  **R. COWAN, MEEK, BROSHEARS,** and **O'DONNELL** are **DISMISSED** from this action with prejudice.

Defendant **MORRIS** is **DISMISSED** from this action without prejudice.

11

The Clerk shall prepare for Defendants **MITCHELL, D. REDNOUR, KELLERHOUSE, SPILLER, MURRAY, G. REDNOUR, HULICK, FAIRCHILD, OHLAU, CONDER,** and **RAMOS:** (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail those forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

As to any Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other

12

document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Furthermore, this entire matter will be **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of Court documents and  may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED February 11, 2011.**

*/s/ Michael J. Reagan*
**United States District Judge**