IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–cv–0377–SCW |
| | ) |
| DONALD A. HULICK, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On Tuesday, September 20, 2011, an in-court Motion Hearing was held on all three of Plaintiff Gregory Turley's ("Turley's") pending actions (Case Nos. 08-cv-007-SCW, 09-cv-0829-MJR, and the above-captioned action). The Court took up all seven (7) of the motions pending in this case. The Court heard extensive argument from the parties on the Motions to Compel and ruled on all of the pending motions as follows:

Motion for Leave to File Answer *Instanter* (Doc. 116)

Turley filed a Response (Doc. 118) to this motion raising a number of factual issues which, if they still remain, may be raised at trial. The Motion was **GRANTED** and Defendants were **DIRECTED** to file their Amended Answer, as proposed, **by the end of the day on Wednesday, September 21, 2011.**

Motion for Confirmation From the Clerk on What Date Defendant's [sic] "Consented to Magistrate Judge (Doc. 106)

In light of the Memorandum and Order entered by District Judge Reagan on July 22, 2011 (Doc. 110), finding that—based on the valid consents of all parties—this case was properly referred to the undersigned magistrate judge as of May 23, 2011, this motion was found to be **MOOT.**

<u>Motion to Stay Trial Practice Schedule (Doc. 104)</u>

Pursuant to this Court's July 26, 2011 Order Cancelling Deadlines, all deadlines in the original Scheduling Order were VACATED. A new amended Scheduling Order will be entered shortly, by separate Order. Accordingly, Defendants' request to stay deadlines also was found to be **MOOT**.

<u>Emergency Motion to Appoint Counsel (Doc. 93)</u>

Turley reiterated that his request for counsel arises primarily from his concerns regarding: (1) his ongoing difficulty obtaining discovery, and (2) his lack of access to the law library because of his facility being on "lockdown." The Court noted that Turley is a seasoned litigator who has competently handled all three of his cases thus far. Further, his claims are not overly complex. The Court also noted that setting a new, more extended trial and discovery schedule in this case should alleviate many, if not all of, Turley's concerns. Accordingly, the Court **DENIED** Turley's request *without* prejudice to him refiling a similar motion at a later date. The Court advised Turley, however, that any future requests for counsel should include proof that he has, in fact, made reasonable efforts to obtain counsel on his own.

<u>Defendants' Rule 37(d) Motion for Sanctions (Doc. 105)</u>

Defendants filed this motion in response to Turley's failure to participate in his July 8, 2011. Turley objected to the deposition because he claims he received inadequate notice. Instead of preparing for his Deposition, Turley chose to prepare a stipulation regarding the Deposition which Defendants refused to sign. While the Court does not condone Turley's conduct, under the totality of the circumstances, it will not impose any sanctions against Turley at this time. Accordingly, Defendants' Motion for Sanctions was **DENIED**. However, the Court **NOTIFIED** Turley in open Court that his Deposition is now **SET** for **Thursday, October 20, 2011**. Failure to fully participate in his Deposition may result in sanctions, including his case being dismissed.

<u>Motions to Compel (Docs. 94 & 96)</u>

Turley's first Motion to Compel (Doc. 94) seeks an Order from this Court compelling the production of certain documents by Defendants. Specifically, this motion refers to a Request for Production of Documents that Turley submitted to Defendants in which he asks for 80 specific documents. In response, Defendants objected to 78 of Turley's requests. During the hearing the Court took up each individual request and Objection in turn. After thoroughly reviewing the requested materials the Court made all of its rulings on the Record. The Court SUSTAINED Defendants' Objections to Turley's requests for production of documents *except* as follows:

(1) Relating to Turley's Request for Production (RFP) Number 5—IDOC Classification Users Guide(s)/Manual(s): Defendants were DIRECTED to discover whether there is a document that contains criteria for classifications and/or reclassifications and to produce those portions of any such document relevant to Turley's claims in this case.

(2) Turley's RFP #7—I.D. 05.05.115. Security Reclassification: Defendants were DIRECTED to provide a copy of this document to Turley.

(3) RFP #11—I.D. 04.01.100. Inmate Participation in Programs: Defendants' Objection was OVERRULED in part and, in open court, Turley was provided with a copy of the relevant portions of this document, as determined by the Court.

(4) RFP #13—I.D. 04.01.200. Offender Assignments: the Court RESERVED RULING on this particular document to allow more time for review. As soon as possible, Defendants SHALL provide the Court with the four attachments that are referenced in and correspond to this document.

(5) RFP #14—Turley's IDOC Offender Tracking System (OTS) Security ReClassification sheets/history from 1991 until present: the Court SUSTAINED Defendants' Objection to produce the entire file because that request is clearly overbroad. However, the Court DIRECTED Defendants to produce Security Reclassification/Escape Risk sheets from the OTS for the relevant three-month time period of **February through April 2007.**

(6) RFP #15—this request appears to be identical to Request #14, and so the Court DIRECTED the same production as noted in paragraph (5) above.

(7) RFP Nos. 19–22: once again, the Defendants' Objections to the overly broad time periods covered by each of these requests were SUSTAINED. However, Defendants were DIRECTED to provide the following documents for the relevant time period only; that is, **April 2006 through April 2007**:

    (a) Counselor Summary Reports (RFP #19)
    (b) Turley's IDOC Disciplinary History (RFP #20)
    (c) OTS Security / Transfer Request History (RFP #21)
    (d) Inmate "Vote Sheets" (RFP #22)

(8) RFP #24—Daily Shift Roster Security Assignment Sheets: Defendants were DIRECTED to produce any such documents that relate to Defendant Mitchell only, on the dates requested by Turley.

(9) RFP #25—North II Cellhouse Segregation Offender Sign-in Book (Log): Defendants were DIRECTED to produce any such document (or the relevant portion thereof) that relates to Turley or Defendant Mitchell.

(10) RFP #57—A.D. 05.03.103A. Monetary Compensation for Inmate Assignments: a copy of this document was provided to Turley in open court.

(11) RFP #60—A.D. 05.06.130. Transfer Documents: a redacted copy of this document was provided to Turley in open court.

(12) RFP Nos. 65–72—various IDOC Department Rules (DR): while these documents allegedly are available to Turley via the law library, because of his facilities ongoing lockdown status, the Court DIRECTED Defendants to provide Turley with a copy of these documents.

Defendants SHALL provide Plaintiff Turley with a copy of *all* of the documents outlined above **on or before October 11, 2011.**

The Court SUSTAINED all of Defendants' Objections to Turley's requests for documents concerning other inmates who are not parties to this action, and their Objections to Turley's requests for the private personnel records of various defendants.

Finally, regarding Turley's Motion to Compel (Doc. 96) the production of the electronic version of his entire master file, the Court SUSTAINED Defendants' Objection to this request because it is overly broad. Furthermore, the Court now has ensured that Turley will receive copies of the documents from his master file that the Court has determined to be proper discovery requests of potentially

relevant information; that is, information reasonably calculated to lead to the discovery of admissible evidence, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1).

**IT IS SO ORDERED.**

DATED: September 26, 2011.

> /s/ *Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge